988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nelson SUAREZ-AVILES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1992.*
Decided Feb. 10, 1993.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service; No. Ank-smy-ukl.
 
 
 2
 I.N.S.
 
 
 3
 PETITION GRANTED.
 
 
 4
 Before GOODWIN and FLETCHER, Circuit Judges, and HUFF,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Nelson Suarez-Aviles ("Suarez-Aviles") applied for asylum in the United States or, alternatively, for withholding of deportation, contending that he would be persecuted if returned to Nicaragua. See 8 U.S.C. §§ 1158(a) & 1253(h). The immigration judge denied Suarez-Aviles' request. On appeal, the Board of Immigration Appeals ("BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Suarez-Aviles no longer had a well-founded fear of persecution in Nicaragua. The BIA denied his application based, in part, on the notice taken, and it ordered him deported.
 
 
 7
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the change in government in Nicaragua without providing Suarez-Aviles an opportunity to show cause why notice should not be taken or to supplement the record by further evidence, we grant the petition for review.
 
 
 8
 In Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." Id. at 1029. We explicitly rejected the argument that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and to present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Suarez-Aviles did not receive warning that administrative notice would be taken, nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 9
 The government seeks to distinguish this case from Castillo-Villagra, stressing that, in addition to taking administrative notice of the change in Nicaraguan government, the BIA also discussed the evidence that Suarez-Aviles had presented to the immigration judge. Cf. id. at 1023 ("The Board gave no reasons for its decision except for the facts of which it took administrative notice."). The government argues that, because the BIA decision was not solely based on administrative notice grounds, this case is governed by Castillo v. INS, 951 F.2d 1117 (9th Cir.1991). In Castillo, the court denied the petitioner's request for review based on its finding that the BIA decision's discussion of administrative notice was merely an alternative ground for its rejection of the petitioner's request. Id. at 1118-19.
 
 
 10
 However, in Castillo, the BIA "explicitly stated that this finding was based on 'two distinct grounds, each of which is an independent basis for denial.' " Id. at 1120 (emphasis in original). In the present case, the BIA did not explicitly state that its rejection of Suarez-Aviles' testimony as a basis for asylum was an independent basis for its dismissal of Suarez-Aviles' appeal. In fact, the BIA introduced its administrative notice discussion, which followed its discussion of Suarez-Aviles' evidence, with the word "Moreover." Consequently, we cannot find that there were two independent bases for the BIA decision.[1]
 
 
 11
 The petition for review is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Suarez-Aviles suggests that the form of the BIA opinion violated due process. Although "[t]here are no steadfast rules regarding what constitutes an adequate Board decision," a BIA decision must include "statements that evidence an individualized review of the petitioner's contentions and circumstances." Castillo, 951 F.2d at 1121 (emphasis added). Because we reject the BIA's use of administrative notice, we need not decide whether the BIA decision in this case satisfies the Castillo standard. Similarly, we need not reach the question of whether Suarez-Aviles' right to due process was violated by the alleged incompetence of his counsel